# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2709 | **DATE** | April 18, 2012 |
| **CASE TITLE** | Johnnie Stallings (#2012-0106225) vs. Correctional Officer Pena, et al. | | |

**DOCKET ENTRY TEXT**

The motion for leave to proceed *in forma pauperis* [#3] is denied pursuant to 28 U.S.C. § 1915(g) and the complaint is summarily dismissed with prejudice for Plaintiff Johnnie Stallings' failure to advise the court that he has "struck out." The case is terminated. Having brought this action, Stallings nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, he must pay any outstanding fees.

■[ For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

    The plaintiff, Johnnie Stallings, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* 42 U.S.C. § 1983 civil rights action. Stallings claims that Officer Pena used excessive force when he grabbed Stallings and pushed him against a wall for no justifiable reason, causing him to sustain a back injury. Stallings also names Tom Dart as a defendant to learn Officer Pena's first name. Stallings seeks damages of ten million dollars.

    Stallings has filed a motion to proceed *in forma pauperis.* His motion must be denied as he has accumulated at least three "strikes" under 28 U.S.C. § 1915(g), which provides that a prisoner may neither bring a civil action nor appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." § 1915(g).

    At least three of Stallings' previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Stallings v. Norris*, Case No. 11 C 7350 (N.D. Ill.), dismissed on preliminary review by Minute Order of January 17, 2012 (Coleman, J.); *Stallings v. Rhodes*, Case No. 11 C 8141 (N.D. Ill.), dismissed on preliminary review by Minute Order of November 18, 2011 (Bucklo, J.); and *Stallings v. Bishop*, Case No. 12 C 0959 (N.D. Ill.), dismissed on preliminary review by Minute Order of February 22, 2012 (Coleman, J.). In fact, in *Bishop*, this court expressly advised Stalllings that he "struck out." *See* Minute Order of February 22, 2012, at at1-2.

    Notwithstanding his knowledge that he is barred from doing so, Stallings has nevertheless sought leave to proceed *in forma pauperis*, and without disclosing his 1915(g) status to the court. His effective "fraud" on the court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The complaint is thus dismissed with prejudice.

    The court further notes that Stallings made material omissions in his complaint. The complaint form instructs him to list all previous lawsuits. (Complaint at 3.) Stallings, however, disclosed only one pending lawsuit, failing to mention at least seven others, including the three in which he was assessed strikes. Such

**STATEMENT**

omissions amount to an additional "fraud" and provides an independent justification for "immediate termination of the suit." *Sloan*, 181 F.3d at 859; *see also Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (the Seventh Circuit has affirmed the dismissal of a suit for the failure of an inmate plaintiff to fully divulge his litigation history). Stallings is cautioned to be honest, accurate, and complete with future filings.

Having brought this action, Stallings remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, the plaintiff must pay any outstanding fees. *Id.*